# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRUGETTE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JOHN MARSHALL,<br><br>　　　　Respondent.<br>_____/ | 1:08-cv-01408-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>[Doc. 17] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is serving a state prison term following a conviction of rape and oral copulation.  On November 13, 1996, Petitioner was sentenced to two consecutive indeterminate terms of fifteen years to life.  (Lodged Doc. 1.)

On April 8, 1998, the California Court of Appeal, Fifth Appellate District, affirmed the judgment.  (Lodged Doc. 2.)  Petitioner did not seek review in the California Supreme Court.

Petitioner also did not file any post-conviction collateral petitions relating to the pertinent judgment.  Petitioner did file a motion for production of reporter's transcripts at all three levels of the state courts in mid-2008.  (Court Doc. 1.)

Petitioner filed the instant federal petition on September 4, 2008.  (Court Doc. 1.) Respondent filed a motion to dismiss the petition as time-barred and for failure to state a

1  cognizable federal claim.  Petitioner did not file an opposition.

2  DISCUSSION

3  A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on March 3, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on April 8, 1998, the California Court of Appeal affirmed the judgment. Petitioner did not file a petition for review in the California Supreme Court. The state appeal process became "final" within the meaning of § 2244(d)(1)(A) when the time for filing a petition for review expired forty day later, on May 18, 1998. California Rules of Court, rules 24 and 28[1]; <u>Smith v. Duncan</u>, 297 F.3d 809, 813 (9th Cir. 2002). The one-year limitations period commenced running the following day–May 19, 1998, and absent tolling was set to expire on May 18, 1999. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Because Petitioner did not file the instant federal petition until September 4, 2008, he exceeded the one year period by over nine years and the action is time barred.

C.    <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28

---

[1] California Rules of Court, rules 24 and 28 have since been amended and renumbered 8.264 and 8.500.

1  U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is
2  tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled
3  during the intervals between one state court's disposition of a habeas petition and the filing of a
4  habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also
5  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).
6  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if
7  the state court explicitly states that the post-conviction petition was timely or was filed within a
8  reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,
9  546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been
10 untimely in state court will not satisfy the requirements for statutory tolling. Id.
11         The state court motions for transcripts do not qualify to toll the limitations period.
12 Initially, the earliest of the three motions was not filed until April 2008, almost nine years after
13 the limitations period expired and, therefore, the first through third actions do not serve to toll the
14 limitations period. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Moreover, because the
15 motions merely sought documents to develop a challenge to Petitioner's conviction, they do not
16 serve to toll the limitations period. See *e.g.* Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001)
17 (if filing seeks material to develop a collateral challenge, such filing does not serve to toll the
18 AEDPA limitations period); Sorce v. Artuz, 73 F.Supp.2d 292, 297 (E.D.N.Y. 1999) (state court
19 filings which seek documents does not serve to toll limitations period).
20 D.     Failure to Raise Cognizable Federal Claim
21         The sole ground raised in the petition is based on the state courts alleged denial of
22 Petitioner's equal protection rights by denying his motion for a free transcript so he could pursue
23 post-conviction collateral relief.
24         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241
25 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner
26 unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:
27         The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
           entertain an application for a writ of habeas corpus in behalf of a person in
28         custody pursuant to a judgment of a State court *only on the ground that he is in*

*custody in violation of the Constitution or laws or treaties of the United States*. (emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

The fact that Petitioner did not receive a free copy of his transcripts for collateral review does not "call into question the lawfulness of conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994). In Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989), the petitioner alleged that his due process rights were violated by the Nevada State District Court's delay of over one year in ruling on his post-conviction collateral action. There, the court held that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Id.; see also Greene v. Palakovich, 482 F.Supp.2d 624, 638 (E.D. Pa. 2007) (holding that claim challenging state court's denial to provide a complete trial transcript during post-conviction collateral proceedings fails does not give rise to relief in habeas corpus petition). Furthermore, Petitioner does not allege that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition as time-barred and for failure to state a cognizable federal claim be GRANTED; and
2. The Clerk of Court be directed to dismiss this action with prejudice.

5

1  This Findings and Recommendation is submitted to the assigned United States District
2  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
3  the Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within thirty (30) days after being served with a copy, any party may file written objections with
5  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
7  and filed within ten (10) court days (plus three days if served by mail) after service of the
8  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
9  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
10 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
11 Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **February 3, 2009**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE